In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 22-2404

TODD M. REARDON, SR.,

*Plaintiff-Appellant,*

*v.*

JESSE DANLEY, *et al.,*

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 21-cv-02260 — **Colin S. Bruce**, *Judge.*

———————————

ARGUED MAY 19, 2023 — DECIDED JULY 21, 2023

———————————

Before FLAUM, ROVNER, and ST. EVE, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2020, Todd Reardon ran for State's Attorney in Coles County, Illinois, against the incumbent, Jesse Danley. After losing the election, Reardon brought a § 1983 lawsuit against various public officials (including Danley), the City of Mattoon, and Coles County, alleging violations of his First, Fourth, and Fourteenth Amendment rights. The district court granted defendants' motions to dismiss, and Reardon appeals. For the following reasons, we affirm.

## I. Discussion

We review de novo the dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022). To determine if the complaint states a plausible claim for relief, we take "as true all well-pleaded factual allegations and mak[e] all possible inferences from the allegations in the plaintiff's favor." *Roe v. Dettelbach*, 59 F.4th 255, 261–62 (7th Cir. 2023) (citation omitted).

This litigation stems from three events: (1) a subpoena for Reardon's Facebook data; (2) the removal of a Reardon campaign sign; and (3) the Mattoon Chief of Police's endorsement of Danley on Facebook. We take each in turn, including only the allegations pertinent to our analysis.[1]

### A. Facebook Subpoena

In October 2019, Danley and the Mattoon Police Department (MPD) subpoenaed Reardon's Facebook account information as part of an investigation into his potential involvement in a perjury/bribery case. In response, Reardon filed a motion to quash the subpoena in Coles County Circuit Court. Judge Thomas O'Shaughnessy denied the motion, finding the subpoena was properly issued. However, he declined to release the documents to the State's Attorney until after a probable cause hearing. Now, Reardon seeks to enjoin Judge O'Shaughnessy from releasing the documents.

---

[1] We note that Reardon's complaint and opening brief are somewhat convoluted. His decision not to file a reply brief compounds the problem. Against this backdrop, we endeavor to decipher Reardon's arguments but indicate where his shortcomings result in waiver.

Section 1983 curtails the availability of injunctive relief against judicial officers. When an officer acts in his judicial capacity—as Judge O'Shaughnessy indisputably did here—injunctive relief will only be granted if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004) (upholding dismissal of claims for injunctive relief against state court judge as foreclosed by § 1983). The complaint does not allege that either exception applies here, and Reardon only cursorily argues—in one sentence—that declaratory relief was unavailable to him. Consequently, his claim fails.[2] *See Lanahan v. County of Cook*, 41 F.4th 854, 866 (7th Cir. 2022) (holding that an appellant waived a challenge that was "perfunctory, undeveloped, and cursory").

### B. Campaign Sign

Stan Metzger, a Coles County Board member, removed a Reardon campaign sign from a resident's lawn a few weeks before the election. During a subsequent Board meeting, Metzger explained that he did so because he mistakenly believed the sign was placed there without permission. Based on this explanation, the Board determined that no further action needed to be taken. Reardon construes these actions as

---

[2] Reardon seems to contend that Judge O'Shaughnessy is not entitled to immunity because he has retained the documents without subject-matter jurisdiction. However, this argument is "unsupported by pertinent authority" and therefore waived. *Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022). Reardon also waived his claim seeking an injunction against Danley by, among other things, not "engag[ing] with the reasoning of the district court," *Bradley v. Village of University Park*, 59 F.4th 887, 897 (7th Cir. 2023), which abstained under *Younger v. Harris*, 401 U.S. 37 (1971).

Metzger "us[ing] formal County meetings as a bully pulpit … to defend his criminal conduct," and alleges that, by doing so, Metzger interfered with his First Amendment rights.

To state a § 1983 claim, Reardon must sufficiently allege that Metzger was "acting under color of state law," *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (citation omitted)—that is, "exercising power … made possible only because [Metzger was] clothed with the authority of state law," *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (citation and internal quotation marks omitted). This requirement operates as an important limitation: "[M]erely private conduct, no matter how discriminatory or wrongful," cannot lead to § 1983 liability. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted).

Reardon's claim falters from the start. His complaint contains no allegations that Metzger acted under color of state law when he took the sign, that the act was related to his position as a Coles County Board member, or that he possessed any State authority to remove it. *See First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) ("An action is not 'under color of state law' merely because it is performed by a public employee or officer …."), *cert. denied*, 142 S. Ct. 389 (mem.). Reardon nevertheless urges that when considering "the totality of [Metzger's] actions," he was acting under color of state law. He emphasizes that, in addition to taking the sign, Metzger "invoked his position as a Coles County Board Member [and] inject[ed] his own activity of depriving [Reardon's] civil rights into" the Board meeting, causing the Board to "retroactively adopt[]" Metzger's conduct.[3] However, the

---

[3] To the extent Reardon argues that Metzger's presentation of the issue to the Board constitutes a First Amendment violation, he provided no

district court correctly concluded that whether the Board retroactively adopted Metzger's wrongful actions goes to Coles County's liability, not Metzger's.

To that end, Reardon also appears to argue that Coles County is liable under § 1983 based on the Board's alleged ratification of Metzger's conduct. To be liable under a ratification theory, Coles County must have "approve[d] both [Metzger's] conduct and the basis for that conduct, i.e., [Metzger's] motivation." *Spiegel v. McClintic*, 916 F.3d 611, 618 (7th Cir. 2019) (citation and internal quotation marks omitted). Reardon's complaint falls short, yet again, because it fails to allege that Metzger revealed his alleged unconstitutional motive to the Board, let alone that the Board affirmatively approved of that motive or Metzger's conduct. *See Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 630 (7th Cir. 2009) (affirming award of summary judgment to Chicago Board of Education where there was "no evidence … that the Board was aware of any potential retaliatory basis for the [recommendation]" that it adopted); *Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011) (concluding that § 1983 claim failed where there was nothing suggesting that the "'ratifying' authority shared the unconstitutional motivation of the initial decisionmaker").

### C. Facebook Endorsement

Approximately two weeks before the election, Jason Taylor, the Chief of Police for the City of Mattoon, posted a photo of himself (in uniform) with Danley, inside his office, on the

---

authority to support such a claim. *See Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." (alteration in original) (citation omitted)).

official MPD Facebook page with a caption encouraging people to vote for Danley. Through this allegedly "exclusive campaign advertising," Reardon contends that Taylor, Danley, and the City of Mattoon violated his rights under the First and Fourteenth Amendments. However, Reardon's failure to provide any authority to support that Taylor or Danley violated the Constitution dooms his claim. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that … lack supporting authority are waived."); *Word v. City of Chicago*, 946 F.3d 391, 395 (7th Cir. 2020) (upholding dismissal of *Monell* claim where plaintiff "failed to establish an underlying constitutional violation").

## II. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.